**UNITED STATES DISTRICT COURT
MDDLE DISTRICT OF FLORIDA**

2013 SEP 19 PM 2: 05

| | | |
|---|---|---|
| LAURA INTROMASSO, | ) | Case No.: 6:13-CV-1451-Orl-18TBS |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| | ) | |
| -against- | ) | |
| | ) | |
| CMRE FINANCIAL SERVICES, INC. | ) | **COMPLAINT AND** |
| | ) | **DEMAND FOR JURY TRIAL** |
| Defendant, | ) | |
| | ) | |

Plaintiff, LAURA INTROMASSO, on behalf of herself (hereinafter "Plaintiff"), by and through the undersigned, alleges against the defendant, CMRE FINANCIAL SERVICES, INC (hereinafter "Defendant") as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendants' violation of 15 U.S.C. §1692 *et. seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in addition to violations stemming from 47 U.S.C. § 227, *et seq.*, the Telephone Consumer Protection Act (hereinafter TCPA)

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C.A. § 1367.

3. Venue is proper in this district under 28 U.S.C § 1391(b)(2).

1

## PARTIES

4. Plaintiff is a natural person who has at all relevant times, resided at 1340 Lichty Street North East, Palm Bay, Florida 32905. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a (3).

5. Defendant is a corporation located 3075 East Imperial Highway, Suite 200, Brea, CA 92821. Defendant is a "debt collector" as defined by 15 U.S.C §1692a (6).

## FACTUAL ALLEGATIONS

6. On or about January 14, 2013, Plaintiff received an automated, prerecorded phone call from Defendant number (321) 617 5514. This call was placed to Plaintiff's cell phone and was seeking a Rhonda Patton. (See Exhibit "A," screenshot of received call)

7. Later that same day Plaintiff called Defendant to advise that she was not Rhonda Patton. Plaintiff advised that as she was not Ms. Patton, that all calls to Plaintiff should cease immediately.

8. On or about January 21, 2013, Plaintiff again received an automated, prerecorded phone call from Defendant number (321) 617 5514. (See Exhibit "B," screenshot of received call)

9. In or around February of 2013, Defendant called Plaintiff to once again advise that she was not in fact Rhonda Patton. Plaintiff spoke with an unnamed supervisor who advised that Plaintiff's name had been removed from the automated dialer and that no further calls would be placed by Plaintiff to Defendant.

10. Despite assurances from Plaintiff on two separate occasions that Plaintiff's cell phone number had been removed from the automated dialer, Plaintiff received additional automated,

prerecorded calls from Defendant number (321) 617 5514 on March 15, 2013 (See Exhibit "C," screenshot of received call), March 18, 2013 (See Exhibit "C"), April 9, 2013 (See Exhibit "D"), and April 10, 1013 (See Exhibit "D").

11.   At no time has Plaintiff and Defendant had an "established business relationship," as defined by 47 U.S.C. §227(a)(2).

## COUNT I
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 (b)(B)

12.   Plaintiff repeats the allegations contained in paragraphs 1 through 11 and incorporates same as if set forth at length herein.

13.   The automated, prerecorded phone call placed by Defendant to Plaintiff's cell phone on January 14, 2013, as described in paragraph (6) above, was in violation of 47 U.S.C. §227 (b)(B).

14.   There was no established business relationship between the two parties.

15.   The call was not in furtherance of communicating any pending emergency situation.

16.   The call was not exempted by any rule or court order by the Commission under 47 U.S.C. §227(b)(B)(2)(B).

## COUNT II
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 (b)(B)

17.   Plaintiff repeats the allegations contained in paragraphs 1 through 16 and incorporates same as if set forth at length herein.

18. The automated, prerecorded phone call placed by Defendant to Plaintiff's cell phone on January 21, 2013, as described in paragraph (8) above, was in violation of 47 U.S.C. § 227 (b)(B).

19. There was no established business relationship between the two parties.

20. The call was not in furtherance of communicating any pending emergency situation.

21. The call was not exempted by any rule or court order by the Commission under 47 U.S.C. §227(b)(B)(2)(B).

## COUNT III
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 (b)(B)

22. Plaintiff repeats the allegations contained in paragraphs 1 through 21 and incorporates same as if set forth at length herein.

23. The automated, prerecorded phone call placed by Defendant to Plaintiff's cell phone on March 15, 2013, as described in paragraph (10) above, was in violation of 47 U.S.C. §227(b)(B).

24. There was no established business relationship between the two parties.

25. The call was not in furtherance of communicating any pending emergency situation.

26. The call was not exempted by any rule or court order by the Commission under 47 U.S.C. §227(b)(B)(2)(B).

## COUNT IV
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 (b)(B)

27. Plaintiff repeats the allegations contained in paragraphs 1 through 26 and incorporates same as if set forth at length herein.

28. The automated, prerecorded phone call placed by Defendant to Plaintiff's cell phone on March 18, 2013, as described in paragraph (10) above, was in violation of 47 U.S.C. §227(b)(B).

29. There was no established business relationship between the two parties.

30. The call was not in furtherance of communicating any pending emergency situation.

31. The call was not exempted by any rule or court order by the Commission under 47 U.S.C. §227(b)(B)(2)(B).

### COUNT V
### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 (b)(B)

32. Plaintiff repeats the allegations contained in paragraphs 1 through 31 and incorporates same as if set forth at length herein.

33. The automated, prerecorded phone call placed by Defendant to Plaintiff's cell phone on April 9, 2013, as described in paragraph (10) above, was in violation of 47 U.S.C. §227(b)(B).

34. There was no established business relationship between the two parties.

35. The call was not in furtherance of communicating any pending emergency situation.

36. The call was not exempted by any rule or court order by the Commission under 47 U.S.C. §227(b)(B)(2)(B).

### COUNT VI
### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 (b)(B)

37. Plaintiff repeats the allegations contained in paragraphs 1 through 36 and incorporates same as if set forth at length herein.

38. The automated, prerecorded phone call placed by Defendant to Plaintiff's cell phone on April 10, 2013, as described in paragraph (10) above, was in violation of 47 U.S.C. § 227 (b)(B).

39. There was no established business relationship between the two parties.

40. The call was not in furtherance of communicating any pending emergency situation.

41. The call was not exempted by any rule or court order by the Commission under 47 U.S.C. §227(b)(B)(2)(B).

## COUNT VII
## VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
## 15 U.S.C. §1692 b(3)

42. Plaintiff repeats the allegations contained in paragraphs 1 through 41 and incorporates same as if set forth at length herein.

43. Defendant has made a total of six calls to Plaintiff.

44. Defendant's first contact with Plaintiff was an automated, prerecorded phone call on or about January 14, 2013.

45. Plaintiff called Defendant later on that same day, January 14, 2013, to advise that she was not Rhonda Patton. Plaintiff requested a cease on all further communications during this call to which Defendant advised same would occur.

46. Defendant proceeded to make five more phone calls to Plaintiff during the ensuing three months.

47. Moreover, Plaintiff placed a second phone call to Defendant in February to advise that calls had not ceased. Plaintiff was again assured that the number was taken out of the auto dialer; as such no further calls would be made to Plaintiff.

48. Plaintiff received four more phone calls in March and April.

49. Defendant has violated Plaintiff's rights in 15 U.S.C. §1692(b)(3) which states, "...not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information."
(15 U.S.C. §1692(b)(3))

## COUNT VIII
## INVASION OF PRIVACY

50. Plaintiff repeats the allegations contained in paragraphs 1 through 49 and incorporates same as if set forth at length herein.

51. Defendants undertook a series of telephone calls and communications to Plaintiff constituting invasions of privacy and an invasion of the right of privacy of Plaintiff. These communications were harassing, unreasonable, systematic, continuous, and were made in disregard for Plaintiffs right to privacy. These communications were made to threaten, to force, coerce, harass, frighten, embarrass, and humiliate Plaintiff into paying a claim, debt, or indebtedness.

52. The invasions of the right of privacy were intentional, willful, and malicious, and violated Plaintiffs privacy. Plaintiff will prove that the telephone calls and communications were made by Defendants or initiated by agents of Defendants acting on behalf of Defendants.

53. The communications constitute an unwarranted and wrongful intrusion into Plaintiffs private activities as well as intentional intrusion into Plaintiffs solitude and seclusion.

54. Defendants have committed the acts complained of in this complaint in the State of Florida. As a proximate consequence of the invasion of the right of Plaintiffs privacy, Defendants have caused Plaintiff to suffer wrongful intrusion into Plaintiffs private activities,

great worry, shame, humiliation, loss of sleep, anxiety, nervousness, sickness, physical and/or mental suffering, pain, anguish, and fright.

## DAMAGES

55. As to COUNT I, Plaintiff demands statutory damages as delineated in 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00.

56. As to COUNT II Plaintiff demands statutory damages as delineated in 47 U.S.C. § 227(b)(3)(B) in the amount of $1,500.00. Plaintiff demands same based on a willful and or knowing violation of 47 U.S.C. § 227 (b)(B).

57. As to COUNT III Plaintiff demands statutory damages as delineated in 47 U.S.C. § 227(b)(3)(B) in the amount of $1,500.00. Plaintiff demands same based on a willful and or knowing violation of 47 U.S.C. § 227 (b)(B).

58. As to COUNT IV Plaintiff demands statutory damages as delineated in 47 U.S.C. § 227(b)(3)(B) in the amount of $1,500.00. Plaintiff demands same based on a willful and or knowing violation of 47 U.S.C. § 227 (b)(B).

59. As to COUNT V Plaintiff demands statutory damages as delineated in 47 U.S.C. § 227(b)(3)(B) in the amount of $1,500.00. Plaintiff demands same based on a willful and or knowing violation of 47 U.S.C. § 227 (b)(B).

60. As to COUNT VI Plaintiff demands statutory damages as delineated in 47 U.S.C. § 227(b)(3)(B) in the amount of $1,500.00. Plaintiff demands same based on a willful and or knowing violation of 47 U.S.C. § 227 (b)(B).

61. As to COUNT VII Plaintiff demands statutory damages as delineated in 15 U.S.C. § 1692 1692k(a)(2)(A) in the amount of $1,000.00.

62. Plaintiff, in addition to the above statutory damages, reasonable attorney's fees in accordance with the dictates of 15 U.S.C. § 1692(k)(a)(B)(3).

## JURY TRIAL DEMAND

63. Plaintiff demands a trial by jury on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

64. Plaintiff hereby designates Jason Weiss, Esq. as trial counsel on all issues so triable.

## RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

a) That an order be entered declaring the Defendant actions, as described above, are in violation of the TCPA; and

b) That an order be entered declaring the Defendant actions, as described above, are in violation of the FDCPA; and

c) That judgment be entered against the Defendant for statutory damages in the amount of $1,000.00, pursuant to 15 U.S.C. §1692k(a)(2)(A); and

d) That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §1692k(a)(3); and

e) That judgment be entered against the Defendant for statutory damages in the amount of $8,000.00 pursuant to 47 U.S.C. §227 (b)(B); and

f)  That judgment be entered on behalf of Plaintiff as to the state claim of Invasion of Privacy.

g)  That actual and punitive damages be awarded for Defendant's violation of state claim Invasion of Privacy.

f)  That the Court grants such other and further relief as may be just and proper.

Dated: SEPTEMBER 16, 2013

Respectfully Submitted,

_____
Attorney for Plaintiff
Jason S. Weiss, Esq.
Florida Bar # 356890
On Behalf of:
Law Offices of Michael Lupolover, P.C.
180 Sylvan Avenue, 2nd Floor
Englewood Cliffs, NJ 07632
(T) 201-461-0059
(E) David@Lupoloverlaw.com